JUSTICE HUNT,
dissenting:
I concur in the dissent of Justice McDonough. In addition, for the reasons stated in my dissent in Kemp v. Bechtel Constr. Co., 221 Mont. 519, 528-34, 720 P.2d 270, 276-80 (1986), I must dissent from the Majority’s conclusion that trenching is not an inherently dangerous activity.
Trenching is precisely the type of inherently dangerous activity envisioned by the Restatement (Second) of Torts §§ 416 and 427 (1977). By its very nature, trenching is “likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken....” Restatement § 416. Further, trenching involves “a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work ....” Restatement § 427. The danger inherent in or normal to trenching is exactly the type that appears in the present case — the risk that an *499 excavation might collapse upon and injure an individual inside the trench.
The Majority apparently believes that trenching is not inherently dangerous because “standard” precautions, rather than “special” precautions, can be taken to prevent or lessen the perils of excavating. However, as I noted in my dissent in Kemp, 221 Mont. at 530-31, 720 P.2d at 278, the special precautions contemplated by the Restatement are precautions specially designed to counter the peculiar risks inherent in the activity, not extraordinary precautions. Indeed, the safeguards that may be taken to prevent the dangers inherent in trenching are “ordinary in the sense that a reasonably cautious contractor would take them.” Kemp, 221 Mont. at 531, 720 P.2d at 278. What makes the precautions “special” in trenching is that they are needed to lessen the dangers inherent in or normal to the activity.
The Majority confuses the idea of “standard” precautions with the idea of “standard” activity, i.e., activity that is not inherently dangerous. The fact that “standard” rather than extraordinary safeguards may counter the risks inherent in trenching does not mean that trenching itself is “standard” activity.
With or without precautions, the basic character of trenching remains inherently dangerous. Therefore, the activity gives rise to a nondelegable duty on the part of the contractor to provide for the safety of the subcontractor’s employees.